Filed 07/16/26

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-02743

---

Bobbi-Jo Hodgdon v. Nicholas Deml

---

DECISION AND ORDER

Petitioner Bobbi-Jo Hodgdon brought this Rule 75 challenge to a decision by Respondent Vermont Department of Corrections ("DOC") that deemed her ineligible for furlough for two years following her parole revocation. This court held a bench trial on Jun. 22 and Jul. 14, 2026. Hodgdon and DOC Facilities Deputy Director Joshua Rutherford testified. For the reasons that follow, this court denies Hodgdon's petition.

## I.      Findings of Fact

Based upon a preponderance of credible evidence admitted at trial, the court makes the following findings, focusing on the facts most relevant to Hodgdon's petition. The court cites some exhibits for convenience and has considered all the trial evidence.

Petitioner Bobbi-Jo Hodgdon returned to DOC custody in December 2024 following her parole revocation. In January 2025, DOC's case-staffing committee concluded that Hodgdon deserved a two-year furlough eligibility interruption due to a combination of her high Ohio Risk Assessment System (ORAS) score from November 2024 plus application of an aggravating factor. Rutherford stated the committee adopted the parole board's significant violation finding.

Under the version of DOC Policy 403.11 effective as of Jul. 1, 2023 and applicable to this case, Hodgdon's high risk score makes her ineligible for furlough for one year. Ex. F[1] § G.1, at 11. That policy also allows consideration of "an aggravating factor" like "[b]ehavior with a victim/survivor who is a vulnerable person." *Id.* § G.3.b.iv, at 13. "When an aggravating factor is present, the committee may impose an interrupt which is up to twice as long as the interrupt recommended by the grid in Section G(1)(a) above." *Id.* § G.3.b at 13.

DOC's policy does not define "vulnerable person." Rutherford testified that he focused on the ages of Hodgdon's victims. He has no familiarity with the "vulnerable adult" definition in 13 V.S.A. § 1375(8). The committee applied the vulnerable person aggravating factor in Hodgdon's case, resulting in her two-year furlough ineligibility.

---

[1] Neither party had the applicable version of the policy on hand for trial. DOC filed it after trial at the court's request. Hodgdon did not object. The docket identifies the document as Ex. F, although the timing of its filing precluded its admission into evidence. The court takes judicial notice of Ex. F. See V.R.E. 201(c), (f) (trial court make take judicial notice at any stage of the proceeding, whether requested or not).

DOC's policy states that "[a]ggravating and mitigating factors may be based on information in the Department's records related to an individual." Ex. F § G.3, at 12. Hodgdon's case-staffing form, that she offered into evidence, also identifies "Vulnerable Adults-Financial Exploitation>$500" among her "Relevant Conditions that Relate to Current." Ex. 1, at 2. The form notes "she is currently [i]n for Financial exploitation of a vulnerable adult in which the victim was 77 years old. Swanton PD has also grown concern[ed] due to multiple calls from community members of Ms. Hodgdon[] 'hanging around elderly people.'" *Id.* at 3.

Rutherford recalled reviewing the charging affidavits for the offenses that resulted in Hodgdon's parole revocation. See Ex. B at 6-7, 10-11. Those affidavits supported criminal charges for two incidents.

In the first, Hodgdon took gift cards from the kitchen of an 87-year-old woman who lived alone. The victim was sitting on her front porch when she heard her back door shut. She went to see who was there and saw Hodgdon in her kitchen. The victim asked Hodgdon why she was there. Hodgdon said she needed butter. The victim told her to leave. The victim later found two gift cards, totaling $100, missing from her kitchen island. The victim attested that the incident scared her and she remained visibly shaken when recounting the incident to law enforcement. Ex. B, at 6-7.

In the second incident, a 74-year-old woman had gone to use the bathroom at home. She exited her bathroom to find Hodgdon standing in her living room. Hodgdon had the victim's $50 purse which contained $20. Hodgdon said she needed the money for drugs. Hodgdon left with the victim's purse and money. The victim remembers she locked her house door, something she had started doing because Hodgdon had stolen from her previously. Ex. B, at 10-11.

DOC Policy 430.11 also allows consideration of mitigating factors like "[c]ircumstances in which behavior is predominantly motivated by substance use, and there was no significant impact on public safety." Ex. F, § G.3.c.i, at 13. Hodgdon's committee did not apply that mitigating factor in her case because of the threat to public safety presented by her actions supporting new charges.

Hodgdon's case-staffing committee ultimately concluded that, "Based on the high assessment score; Ms. Hodgdon will not be eligible for 2 years for community furlough supervision based on the aggravating factors that included exploiting a vulnerable adult as outlined in the affidavit . . . ." Ex. 1, at 4.

In July 2025, Hodgdon took a Womens' Risk Needs Assessment (WRNA). Her WRNA score categorized her risk as moderate. Ex. 2, at 20. Other than her ORAS and WRNA scores, Hodgdon has had a low risk score. Hodgdon had no memory of taking the Nov. 2024 ORAS assessment.

## II.    Discussion

"[W]hen reviewing administrative action by the DOC under V.R.C.P. 75, [courts] will not interfere with the DOC's determinations absent a showing that the DOC clearly and arbitrarily abused its authority." *King v. Gorczyk*, 2003 VT 34, ¶ 7, 175 Vt. 220 (citation omitted). That may include arbitrary abuses of discretion that "amount to a practical refusal to perform a 'certain and clear' legal duty." *Inman v. Pallito*, 2013 VT 94, ¶ 15, 195 Vt. 218. "[I]t is not for the superior court to independently weigh the evidence to make its own factual findings. Rather, the superior court on a Rule 75 appeal must uphold factual findings if any credible evidence supports the conclusion by the appropriate standard." *Turnley v. Town of Vernon*, 2013 VT 42, ¶ 11, 194 Vt. 42, 47–48.

In this case, Hodgdon focuses on DOC's application of the "vulnerable person" aggravating factor under policy 430.11. She insists DOC should apply the "vulnerable adult" definition in 13 V.S.A. § 1375(8) and other Vermont statutes. Post-Hearing Mem. at 2-3. She provides no authority requiring or supporting that interpretation. This court has found none.

"An agency is entitled to deference in interpreting its own policy or terms 'when: (1) that agency is statutorily authorized to provide such guidance; (2) complex methodologies are applied; or (3) such decisions are within the agency's area of expertise.'" *In re Morrisville Hydroelectric Project Water Quality*, 2019 VT 84, ¶ 35, 211 Vt. 233, 251 (citation omitted). "A party arguing that an agency is not due deference has 'the burden to show [the agency interpretation] was wholly irrational and unreasonable in relation to its intended purpose.'" *Id.* (citation omitted).

Hodgdon nowhere asserts that DOC does not deserve deference in interpreting policy 430.11. Nor has she suggested DOC lacked authority to create the policy. This court assumes without deciding that the policy falls "within the agency's area of expertise" to merit deference to DOC's interpretation. See *In re Morrisville Hydroelectric Project Water Quality*, 2019 VT 84, ¶ 35. Hodgdon has not suggested otherwise.

That approach makes particular sense here where DOC created the policy involved in this case. That policy states that, "[w]hen considering aggravating or mitigating factors, the committee evaluates whether the risk the individual may pose to public safety can be effectively managed in the community and the severity of the danger the individual may pose to others." Ex. F, § G.3.a, at 12. The policy's focus differs from some of the statutes' whose definitions Hogdon urges the court to follow. Compare, e.g., 33 V.S.A. Ch. 69, note to 2001 gen. amdt. (changing "elderly and disabled adult" to "vulnerable adult"). This difference further counsels caution for this court in trapsing into DOC's area of expertise when interpreting its own policies whose purposes differ from the legislature's when passing unrelated legislation.

Rutherford testified credibly and reasonably that the committee in Hodgdon's case focused on the 87- and 74-year-old ages of Hodgdon's burglary victims. Rutherford specifically recalled reviewing the victims' affidavits, one of which outlined the victim's fear following Hodgdon's burglary, to support the application of the "vulnerable person" factor to Hodgdon's

case. The case-staffing form generally corroborates Rutherford's testimony. See Ex. 1 (described in more detail in Section I above).

Given the trial evidence, the court finds DOC's approach in this case does not "clearly and arbitrarily abuse[] its authority." *King*, 2003 VT 34, ¶ 7. Nor does its approach appear "wholly irrational and unreasonable in relation to its intended purpose." *In re Morrisville Hydroelectric Project Water Quality*, 2019 VT 84, ¶ 35. This court "must uphold [these] factual findings" because "credible evidence supports the conclusion by the appropriate standard." *Turnley*, 2013 VT 42, ¶ 11.

The court does not share Hodgdon's view that it should ignore the ORAS assessment because she cannot recall taking it. See Post Trial Mem. at 1 ("Moreover, Ms. Hodgdon credibly testified that she was never administered any risk assessment, including the ORAS, prior to her December 2024 arrest."). Around the time of the Nov. 2024 ORAS, Hodgdon had been "doing heroin for the first time ever to the point [she] od'd 11 times if not more." Ex. 3, at 1. Under those circumstances, the court finds Hodgdon's recollection less reliable than Rutherford's testimony, corroborated by the case-staffing form.[2] Both indicate that the ORAS score belonged to Hodgdon.

### III. Order

For the reasons set forth above, the court denies Hodgdon's petition and will enter judgment for DOC.

Electronically signed pursuant to V.R.E.F. 9(d) on July 15, 2026.

Colin Owyang
Superior Court Judge

---

[2] The facts and evidence in this case differ significantly from those in *Savard v. Murad et al.*, Case No. 25-CV-04882 (Vt. Super. Ct. Jan. 16, 2026) (Spero, J.). This court does not find that decision applicable to this case. Contrast Hodgdon's Post-Trial Mem. at 1 (citing *Savard*).

4